**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 14-cv-61263-DPG/WCT

MAKO SURGICAL CORP., a Delaware
corporation, and ALL-OF-INNOVATION
GMBH, a German corporation,

               Plaintiffs,

     vs.

BLUE BELT TECHNOLOGIES, INC., a
Pennsylvania corporation,

               Defendant.

_____/

## PLAINTIFF ALL-OF-INNOVATION GMBH'S ANSWER TO DEFENDANT BLUE BELT TECHNOLOGIES, INC.'S SECOND AMENDED COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

## ANSWER

Plaintiff All-of-Innovation GmbH ("AOI") answers as follows in response to the

corresponding numbered paragraphs in Defendant Blue Belt Technologies, Inc.'s ("Blue Belt")

Second Amended Counterclaims, dated September 2, 2014:

1.      In answer to paragraph 1 of the Counterclaims, AOI denies the allegations of this

paragraph.

## PARTIES

2.      In answer to paragraph 2 of the Counterclaims, AOI lacks information sufficient

to form a belief about the truth of the allegations contained therein, and on that basis denies the

allegations.

1

3.      In answer to paragraph 3 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

4.      In answer to paragraph 4 of the Counterclaims, AOI admits that AOI is a corporation organized and existing under the laws of Germany and that AOI maintains its principal place of business at Gleissenweg 1, Ismaning, Bayern 85737, Germany.

## JURISDICTION

5.      In answer to paragraph 5 of the Counterclaims, AOI admits that an actual controversy exists under 35 U.S.C. §§ 2201 and 2202.

6.      In answer to paragraph 6 of the Counterclaims, AOI admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a), and 1338.

7.      In answer to paragraph 7 of the Counterclaims, AOI lacks knowledge or information sufficient to form a belief about the truth of this allegation and on that basis denies this allegation.

8.      In answer to paragraph 8 of the Counterclaims, AOI admits that Mako made a general appearance in this case.  AOI lacks information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and on that basis denies the remaining allegations.

9.      In answer to paragraph 9 of the Counterclaims, AOI admits that AOI made a general appearance in this case.  AOI does not contest, for the purposes of this action, that this Court has personal jurisdiction over AOI.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

10.     In answer to paragraph 10 of the Counterclaims, AOI does not contest, for the purposes of this action, that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400. Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

## BACKGROUND

11.     In answer to paragraph 11 of the Counterclaims, AOI admits that Blue Belt sells products for use in the field of orthopedic surgery.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

12.     In answer to paragraph 12 of the Counterclaims, AOI lacks knowledge or information sufficient to form a belief about the truth of this allegation and on that basis denies this allegation.

13.     In answer to paragraph 13 of the Counterclaims, AOI admits that on December 10, 2012 Blue Belt announced it had received clearance from the Food and Drug Administration ("FDA") to market its NavioPFS orthopedic surgical system in the United States. AOI admits that NavioPFS was approved for use in Unicondylar Knee Replacement ("UKR"), commonly known as partial knee replacement.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

14.     In answer to paragraph 14 of the Counterclaims, AOI denies the allegations of this paragraph.

15.     In answer to paragraph 15 of the Counterclaims, AOI lacks knowledge or information sufficient to form a belief about the truth of these allegations and on that basis denies these allegations.

16.     In answer to paragraph 16 of the Counterclaims, AOI lacks knowledge or information sufficient to form a belief about the truth of this allegation and on that basis denies this allegation.

17.     In answer to paragraph 17 of the Counterclaims, AOI lacks information sufficient to form a belief as to the number of robotics-assisted UKR procedures performed in the United States annually, and denies these allegations on this basis.  AOI denies the remaining allegations of this paragraph.

18.     In answer to paragraph 18 of the Counterclaims, AOI lacks information sufficient to form a belief as to the allegations in this paragraph, and on this basis denies the allegations.

19.     In answer to paragraph 19 of the Counterclaims, AOI lacks knowledge or information sufficient to form a belief about the truth of these allegations and on that basis denies these allegations.

20.     In answer to paragraph 20 of the Counterclaims, AOI lacks knowledge or information sufficient to form a belief about the truth of these allegations and on that basis denies these allegations.

21.     In answer to paragraph 21 of the Counterclaims, AOI lacks information sufficient to form a belief as to the allegations in this paragraph, and denies these allegations on this basis.

22.     In answer to paragraph 22 of the Counterclaims, AOI denies the allegations of this paragraph.

23.     In answer to paragraph 23 of the Counterclaims, AOI lacks knowledge or information sufficient to form a belief about the truth of these allegations and on that basis denies these allegations.

24.     In answer to paragraph 24 of the Counterclaims, AOI lacks knowledge or information sufficient to form a belief about the truth of these allegations and on that basis denies these allegations.

25. In answer to paragraph 25 of the Counterclaims, AOI lacks knowledge or information sufficient to form a belief about any Mako marketing and on that basis denies these allegations. AOI denies the remaining allegations of this paragraph.

26. In answer to paragraph 26 of the Counterclaims, AOI admits that Mako has licensed, among other intellectual property, the '417 patent, which AOI admits is titled "Method and Device System for Removing Material or for Working Material."

27. In answer to paragraph 27 of the Counterclaims, AOI admits that Mako licenses the '417 patent. Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

28. In answer to paragraph 28 of the Counterclaims, AOI admits that Plaintiffs have asserted the '417 patent against Blue Belt and NavioPFS in this action and seek damages and an injunction to remedy Blue Belt's infringement.

29. In answer to paragraph 29 of the Counterclaims, AOI denies the allegations of this paragraph.

30. In answer to paragraph 30 of the Counterclaims, AOI denies the allegations of this paragraph.

31. In answer to paragraph 31 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

32. In answer to paragraph 32 of the Counterclaims, AOI lacks knowledge or information sufficient to form a belief about any supposed intent by Mako and on that basis denies these allegations. AOI denies the remaining allegations of this paragraph.

33.     In answer to paragraph 33 of the Counterclaims, AOI denies the allegations of this paragraph.

34.     In answer to paragraph 34 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

35.     In answer to paragraph 35 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

36.     In answer to paragraph 36 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

37.     In answer to paragraph 37 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

38.     In answer to paragraph 38 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

39.     In answer to paragraph 39 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations

40.     In answer to paragraph 40 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

41.     In answer to paragraph 41 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

42.     In answer to paragraph 42 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

43.     In answer to paragraph 43 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

44.     In answer to paragraph 44 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

45.     In answer to paragraph 45 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

46.     In answer to paragraph 46 of the Counterclaims, AOI lacks information sufficient to form a belief about the allegations contained therein, and on that basis denies the allegations.

47.     In answer to paragraph 47 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

48.     In answer to paragraph 48 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

sf-3445561

49.     In answer to paragraph 49 of the Counterclaims, AOI admits that U.S. Patent No. 6,757,582 (the "'582 patent") is titled "Methods and Systems to Control a Shaping Tool" and on its face indicates that it issued on June 29, 2004, and it was assigned to Carnegie Mellon University.  AOI lacks information sufficient to form a belief about the truth as to the remaining allegations, and on this basis denies the remaining allegations.

50.     In answer to paragraph 50 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

51.     In answer to paragraph 51 of the Counterclaims, AOI admits that Blue Belt purports to bring a counterclaim for patent infringement in this action.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

52.     In answer to paragraph 52 of the Counterclaims, AOI admits that U.S. Patent No. 6,205,411 (the "'411 patent") is titled "Computer-Assisted Surgery Planner and Intra-Operative Guidance System" and on its face indicates that it issued on March 20, 2001, and was assigned to Carnegie Mellon University.  AOI lacks information sufficient to form a belief about the truth as to the remaining allegations, and on this basis denies the remaining allegations.

53.     In answer to paragraph 53 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

54.     In answer to paragraph 54 of the Counterclaims, AOI admits that Blue Belt purports to bring a counterclaim for patent infringement in this action.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

## BLUE BELT'S FIRST COUNTERCLAIM

55.     In answer to paragraph 55 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 54 as set forth herein.

56.     In answer to paragraph 56 of the Counterclaims, AOI admits that Plaintiffs contend that the '417 patent is valid, that Blue Belt contends that the '417 patent is invalid, and that there is an actual, live controversy between Plaintiffs and Blue Belt concerning the validity of the '417 patent.

57.     In answer to paragraph 57 of the Counterclaims, AOI denies the allegations of this paragraph.

58.     In answer to paragraph 58 of the Counterclaims, AOI admits that Blue Belt seeks a declaration that each of the claims of the '417 patent is invalid.

## BLUE BELT'S SECOND COUNTERCLAIM

59.     In answer to paragraph 59 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 58 as set forth herein.

60.     In answer to paragraph 60 of the Counterclaims, AOI admits there is an actual, live controversy between Plaintiffs and Blue Belt as to Blue Belt's infringement of the '417 patent.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

61.     In answer to paragraph 61 of the Counterclaims, AOI denies the allegations of this paragraph.

62.     In answer to paragraph 62 of the Counterclaims, AOI admits that Blue Belt seeks a declaration that it has not and does not infringe any claim of the '417 patent.

sf-3445561

## BLUE BELT'S THIRD COUNTERCLAIM

63.     In answer to paragraph 63 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 62 as set forth herein.

64.     In answer to paragraph 64 of the Counterclaims, AOI denies the allegations of this paragraph.

65.     In answer to paragraph 65 of the Counterclaims, AOI denies the allegations of this paragraph.

66.     In answer to paragraph 66 of the Counterclaims, AOI admits that the '417 patent states on its face that it issued from U.S. Patent Application No. 10/472,654, a national stage application of PCT No. PCT/EP02/03334 filed on March 25, 2002.  The '417 patent claims priority based on three German applications filed on March 26, 2001, March 28, 2001, and April 6, 2001.

67.     In answer to paragraph 67 of the Counterclaims, AOI admits that Tim Lüth, Jürgen Bier, and Andreas Hein were three of the five inventors named in the '417 patent.  Mako admits that Tim Lüth, Jürgen Bier, and Andreas Hein co-authored, along with Jochen Albrecht, Mustafa Demirtas, Stefan Zachow, Ernst Heissler, Martin Klein, Horst Menneking, and Guenter Hommel a paper entitled "A Surgical Robot System for Maxillofacial Surgery."  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

68.     In answer to paragraph 68 of the Counterclaims, AOI admits that "A Surgical Robot System for Maxillofacial Surgery" appears in the 1998 Institute of Electrical and Electronics Engineers' *Industrial Electronics Society*, IECON '98, Proceedings of the 24th Annual Conference of the IEEE, Vol. 4, Meeting Date Aug. 31 to Sept. 4, 1998.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

69.    In answer to paragraph 69 of the Counterclaims, AOI denies the allegations of this paragraph.

70.    In answer to paragraph 70 of the Counterclaims, AOI denies the allegations of this paragraph.

71.    In answer to paragraph 71 of the Counterclaims, AOI denies the allegations of this paragraph.

72.    In answer to paragraph 72 of the Counterclaims, AOI lacks information sufficient to form a belief about what the examiner of the '417 patent was aware of, and on that basis denies the allegations.  AOI denies the remaining allegations of this paragraph.

73.    In answer to paragraph 73 of the Counterclaims, AOI denies the allegations of this paragraph.

74.    In answer to paragraph 74 of the Counterclaims, the first sentence states legal conclusions to which no response is required.  AOI denies the remaining allegations of this paragraph.

75.    In answer to paragraph 75 of the Counterclaims, AOI denies the allegations of this paragraph.

76.    In answer to paragraph 76 of the Counterclaims, AOI admits that Tim Lüth, Jürgen Bier, and Andreas Hein were co-authors of "A Surgical Robot System for Maxillofacial Surgery" and knew about the paper and the information within.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

77.    In answer to paragraph 77 of the Counterclaims, AOI denies the allegations of this paragraph.

78.     In answer to paragraph 78 of the Counterclaims, AOI denies the allegations of this paragraph.

79.     In answer to paragraph 79 of the Counterclaims, AOI denies the allegations of this paragraph.

80.     In answer to paragraph 80 of the Counterclaims, AOI denies that the patent examiner rejected all claims as obvious in an Office Action dated November 8, 2006.  AOI admits that the patent examiner sent a non-final rejection of claims 58-114 in an Office Action dated December 8, 2006.  In this Office Action, claims 58-69 and 72-114 were rejected as disclosed or rendered obvious by U.S. Patent No. 5,408,409.  AOI admits that claim 70 was rejected for depending on a cancelled claim and claim 71 was rejected for depending upon claim 70.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

81.     In answer to paragraph 81 of the Counterclaims, AOI admits that those involved in the patent prosecution amended the claims in the Applicant Arguments and Remarks Made in Amendment dated March 6, 2007.  AOI admits that on page 17 of the Amendment the patent applicants stated that Claim 58, as amended, is "directed to a method for removing and processing material from an object with an effector including, in relevant part, the step of 'manually guiding the effector in relation to the object'.  (See paragraph [0097] of the published application, No. US 2004/0157188, for the subject application)."  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

82.     In answer to paragraph 82 of the Counterclaims, AOI admits that those involved in the prosecution stated on page 18 of an Amendment dated March 6, 2007 that:

> in the claimed inventive method, the effector is manually guided to remove a desired volume of material, for example, tissue, from an object quickly and accurately, without utilizing "[e]xpensive mechanical assemblies [such as cutting robots] for guiding" the

effector as existing in prior art robot control systems.  (See paragraphs [0051] and [0041] of the published application, No. US 2004/0157188, for the subject application).

Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

83.     In answer to paragraph 83 of the Counterclaims, AOI admits that those involved in the prosecution stated on page 18 of an Amendment dated March 6, 2007 that:

> [i]n contrast to the invention of claim 58, Glassman et al. concerns robotic (automated) control of the position of a surgical tool during a surgery, for example, robot 12 controls cutter 22 to "mill out the correct shape [from an object] to receive an implant." (See, for example, Glassman et al. Col. 9, ln. 3- Col. 10, ln. 5; see also Col. 2, ln. 22-23).  After the robotically controlled tool of Glassman et al. completes a surgery, for example, the cutting of a shape from an object, the controller withdraws the robot 12 from within a cut-out created in the object and then turns off power to the robot 12 and cutter 22.  (See, for example, Glassman et al., Col. 9, ln. 2-5 and Col. 10, ln. 10-11).

Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

84.     In answer to paragraph 84 of the Counterclaims, AOI admits that those involved in the prosecution stated on pages 18-19 of an Amendment dated March 6, 2007 that:

> [n]owhere does Glassman *et al*. teach or suggest manually guiding an effector to remove material from an object, in the absence of robotic control of the positioning of the effector while the effector is removing material, and, furthermore, supplying "control commands" to the effector, which control the power to the effector (see paragraphs [0092] and [0094] of the published application, No. US 2004/0157188, for the subject application), as a function of at least one of the work volume, the removed material volume and the residual material volume, as required by claim 1, where the removed material volume and the residual material volume are determined based on the volume and geometry of the effector and "data representative of the positioning and orientation of the effector . . .  as the effector removes the material from the object".

Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

85.     In answer to paragraph 85 of the Counterclaims, AOI admits that those involved in the prosecution of the patent stated that manual guidance of the effector was not present in the fully automated robot disclosed in U.S. Patent No. 5,408,409.  AOI admits that those involved in the prosecution of the patent stated that the claims as presented in the Applicant Arguments and

13

Remarks Made in Amendment dated March 6, 2007 overcame prior art.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

86.     In answer to paragraph 86 of the Counterclaims, AOI admits that the examiner allowed the '417 patent to issue after the Applicant Arguments and Remarks Made in Amendment dated March 6, 2007.  AOI admits that among the amendments made in the Applicant Arguments and Remarks Made in Amendment dated March 6, 2007 was the addition of "manually guiding the effector in relation to the object" to claim 58 and "to be manually guided in relation to an object" to claim 97.  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

87.     In answer to paragraph 87 of the Counterclaims, AOI denies the allegations of this paragraph.

88.     In answer to paragraph 88 of the Counterclaims, AOI admits that the "A Surgical Robot System for Maxillofacial Surgery" paper states "[t]he surgeon corrects the position and orientation and presses the button as in the NPR mode.  After teaching the locations, the robot moves automatically from O to A1 to C1 to A1 to A2 to C2 to A2 to A3 to C3 to A3 to O."  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

89.     In answer to paragraph 89 of the Counterclaims, AOI admits that the "A Surgical Robot System for Maxillofacial Surgery" paper states there is an "Intelligent-Medical-Instrument-Support mode in which a medical instrument is mounted on the robot and can be moved interactively by surgeon and robot."  Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

90.     In answer to paragraph 90 of the Counterclaims, AOI admits that the "A Surgical Robot System for Maxillofacial Surgery" paper states that "[i]n the NPR mode the surgeon

14

moves the robot by grasping the robot mounted hand piece from position O, to the contact location C1." Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

91. In answer to paragraph 90 of the Counterclaims, AOI admits that the "A Surgical Robot System for Maxillofacial Surgery" paper states that "[s]tarting from the contact location the surgeon can drill into the bone with free control along the z-axis, but it is impossible to change the orientation or to change the contact location." Except as expressly admitted, AOI denies the remaining allegations of this paragraph.

92. In answer to paragraph 92 of the Counterclaims, AOI denies the allegations of this paragraph.

93. In answer to paragraph 93 of the Counterclaims, AOI denies the allegations of this paragraph.

94. In answer to paragraph 94 of the Counterclaims, AOI denies the allegations of this paragraph.

95. In answer to paragraph 95 of the Counterclaims, AOI admits that Blue Belt seeks a declaration that the '417 patent is unenforceable.

## BLUE BELT'S FOURTH COUNTERCLAIM

96. In answer to paragraph 96 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 95 as set forth herein.

97. In answer to paragraph 97 of the Counterclaims, AOI admits that Blue Belt is a competitor of Mako, at least because the parties each advertise and sell a product or service generally described as surgical equipment and technology in interstate commerce.

98.     In answer to paragraph 98 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

99.     In answer to paragraph 99 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

100.    In answer to paragraph 100 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

101.    In answer to paragraph 101 of the Counterclaims, AOI denies the allegations of this paragraph.

## BLUE BELT'S FIFTH COUNTERCLAIM

102.    In answer to paragraph 102 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 101 as set forth herein.

103.    In answer to paragraph 103 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

104.    In answer to paragraph 104 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

105.    In answer to paragraph 105 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

106.     In answer to paragraph 106 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

107.     In answer to paragraph 107 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

108.     In answer to paragraph 108 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

109.     In answer to paragraph 109 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

110.     In answer to paragraph 110 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

111.     In answer to paragraph 111 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

112.     In answer to paragraph 112 of the Counterclaims, AOI admits that Mako's RIO system is in competition with Blue Belt's NavioPFS.  AOI lacks information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies the allegations.

113.     In answer to paragraph 113 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

114.     In answer to paragraph 114 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

115.     In answer to paragraph 115 of the Counterclaims, AOI denies the allegations of this paragraph.

## BLUE BELT'S SIXTH COUNTERCLAIM

116.     In answer to paragraph 116 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 115 as set forth herein.

117.     In answer to paragraph 117 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

118.     In answer to paragraph 118 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

119.     In answer to paragraph 119 of the Counterclaims, AOI denies the allegations of this paragraph.

## BLUE BELT'S SEVENTH COUNTERCLAIM

120.     In answer to paragraph 120 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 119 as set forth herein.

121.    In answer to paragraph 121 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

122.    In answer to paragraph 122 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

123.    In answer to paragraph 123 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

124.    In answer to paragraph 124 of the Counterclaims, AOI denies the allegations of this paragraph.

## BLUE BELT'S EIGHTH COUNTERCLAIM

125.    In answer to paragraph 125 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 124 as set forth herein.

126.    In answer to paragraph 126 of the Counterclaims, AOI admits that the '582 patent is titled "Methods and Systems to Control a Shaping Tool" and on its face indicates that the U.S. Patent and Trademark Office issued the patent on June 29, 2004.  AOI lacks information sufficient to form a belief about the truth as to the remaining allegations, and on this basis denies the remaining allegations.

127.    In answer to paragraph 127 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

128.    In answer to paragraph 128 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

129.    In answer to paragraph 129 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

130.    In answer to paragraph 130 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

131.    In answer to paragraph 1301 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

132.    In answer to paragraph 132 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

**BLUE BELT'S NINTH COUNTERCLAIM**

133.    In answer to paragraph 133 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 132 as set forth herein.

134.    In answer to paragraph 134 of the Counterclaims, AOI admits that Mako sells, offers for sale, and/or sold the RIO system and its components, the TGS system and its components, and the Restoris line of implants.  AOI lacks information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies the allegations.

135.     In answer to paragraph 135 of the Counterclaims, AOI admits that Mako sells, offers for sale, and/or sold the RIO system and its components and the TGS system and its components.  AOI lacks information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies the allegations.

136.     In answer to paragraph 136 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

137.     In answer to paragraph 137 of the Counterclaim, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

## BLUE BELT'S TENTH COUNTERCLAIM

138.     In answer to paragraph 138 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 137 as set forth herein.

139.     In answer to paragraph 139 of the Counterclaims, AOI denies that the '411 patent is titled "Methods and Systems to Control a Shaping Tool."  AOI admits that on its face the '411 patent indicates that the U.S. Patent and Trademark Office issued the patent on March 20, 2001. AOI lacks information sufficient to form a belief about the truth as to the remaining allegations, and on this basis denies the remaining allegations.

140.     In answer to paragraph 140 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

141.     In answer to paragraph 141 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

142.     In answer to paragraph 142 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

143.     In answer to paragraph 143 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

144.     In answer to paragraph 144 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

## BLUE BELT'S ELEVENTH COUNTERCLAIM

145.     In answer to paragraph 145 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 144 as set forth herein.

146.     In answer to paragraph 146 of the Counterclaims, AOI admits that Mako sells, offers for sale, and/or sold the RIO system and its components, the TGS system and its components, and the Restoris line of implants.  AOI lacks information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies the allegations.

147.     In answer to paragraph 147 of the Counterclaims, AOI admits that Mako sells, offers for sale, and/or sold the RIO system and its components and the TGS system and its

components.  AOI lacks information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies the allegations.

148.    In answer to paragraph 148 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

149.    In answer to paragraph 149 of the Counterclaim, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

## BLUE BELT'S TWELFTH COUNTERCLAIM

150.    In answer to paragraph 150 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 149 as set forth herein.

151.    In answer to paragraph 151 of the Counterclaims, AOI admits that Mako sells, offers for sale, and/or sold the RIO system.  AOI lacks information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies the allegations.

152.    In answer to paragraph 152 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

153.    In answer to paragraph 153 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

154.    In answer to paragraph 154 of the Counterclaims, AOI admits that Mako's RIO system is in competition with Blue Belt's NavioPFS.  AOI lacks information sufficient to form a

belief about the truth of the remaining allegations of this paragraph, and on that basis denies the allegations.

155.    In answer to paragraph 155 of the Counterclaim, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

## BLUE BELT'S THIRTEENTH COUNTERCLAIM

156.    In answer to paragraph 156 of the Counterclaims, AOI incorporates its responses to and denials of each and every allegation of paragraphs 1 through 155 as set forth herein.

157.    In answer to paragraph 157 of the Counterclaims, AOI admits that Mako sells, offers for sale, and/or sold the RIO system.  AOI lacks information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies the allegations.

158.    In answer to paragraph 158 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

159.    In answer to paragraph 159 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

160.    In answer to paragraph 160 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

sf-3445561

161.    In answer to paragraph 161 of the Counterclaims, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

162.    In answer to paragraph 160 of the Counterclaims, AOI admits that Mako's RIO system is in competition with Blue Belt's NavioPFS.  AOI lacks information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies the allegations.

163.    In answer to paragraph 161 of the Counterclaim, AOI lacks information sufficient to form a belief about the truth of the allegations contained therein, and on that basis denies the allegations.

## RESPONSE TO BLUE BELT'S DEMAND FOR RELIEF

AOI denies that Blue Belt is entitled to any relief whatsoever, either legal or equitable, from Plaintiffs or from this Court.  Furthermore, AOI denies that this is an exceptional case such that an award of attorneys' fees to Blue Belt or an award of enhanced damages to Blue Belt is appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

AOI has not infringed and does not directly infringe any valid and enforceable claim of the '582 or '411 patents, either literally, by application of the doctrine of equivalents, or by application of the reverse doctrine of equivalents, nor does AOI contribute to the infringement of, or actively induce others to infringe either literally or by application of the doctrine of equivalents, any valid and enforceable claim of the '582 or '411 patents.

sf-3445561

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the '582 or '411 patents are invalid for failure to satisfy one or more requirements for patentability under United States patent law, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Blue Belt is estopped from asserting the claims of the '582 or '411 patents against AOI in whole or in part under the doctrine of prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Recovery of Costs)

On information and belief, Blue Belt is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

## FIFTH AFFIRMATIVE DEFENSE
### (Injury Not Immediate or Irreparable)

Blue Belt is not entitled to any injunctive relief because, *inter alia*, any alleged injury to Blue Belt is not immediate or irreparable and Blue Belt has an adequate remedy at law for any alleged injury.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Blue Belt's Counterclaims fail to state a claim upon which relief may be granted as to one or all of its claims.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

On information and belief, Blue Belt's Counterclaims are barred, in whole or in part, because Blue Belt does not have standing to assert its claims.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Blue Belt's Counterclaims are estopped, in whole or in part, by the equitable doctrine of unclean hands, as Blue Belt has engaged in the same kind of behavior it challenges.

## NINTH AFFIRMATIVE DEFENSE
### (Bad Faith)

Blue Belt's Counterclaims are barred, in whole or in part, by reason of Blue Belt's conduct and actions, which were made in bad faith.

## TENTH AFFIRMATIVE DEFENSE
### (No Injury)

Blue Belt's Counterclaims are barred, in whole or in part, because Blue Belt has suffered no injury or damage as a result of any act or conduct by Plaintiffs, and there is no likelihood of any future injury.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Necessary Intent)

Blue Belt is precluded from the recovery it seeks from AOI due to the lack of the necessary degree of scienter or intent on the part of AOI, which has, at all times, acted in good faith and without malice.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Blue Belt's Counterclaims are barred, in whole or in part, because Blue Belt has failed to mitigate its damages, if any.

sf-3445561

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Laches)**

Blue Belt's Counterclaims are barred in whole or in part on the ground of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Blue Belt's Counterclaims are barred in whole or in part due to the running of the operative statutes of limitation.

### <u>RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES</u>

AOI reserves the right to supplement its Answer to Blue Belt's Counterclaims with additional defenses that it learns of in the course of investigation and discovery.

### <u>JURY DEMAND</u>

AOI demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues presented by Blue Belt's Counterclaims that are so triable.

28

Dated: September 19, 2014

Respectfully submitted,

/s/ Humberto H. Ocariz

Humberto H. Ocariz
HOcariz@shb.com
Florida Bar No.: 740860
Shook Hardy & Bacon LLP
Miami Center, Suite 3200
201 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Wesley Overson (*Pro hac vice*)
WOverson@mofo.com
Danielle Coleman (*Pro hac vice*)
DColeman@mofo.com
Elizabeth Patterson (*Pro hac vice*)
EPatterson@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Wendy Ray (*Pro hac vice*)
WRay@mofo.com
Morrison & Foerster LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

*Attorneys for Plaintiffs*
*MAKO Surgical Corp. and*
*All-Of-Innovation GmbH*

29

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of September, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

s/ Humberto H.Ocariz
HUMBERTO H. OCARIZ

sf-3445561

## SERVICE LIST

Humberto H. Ocariz
hocariz@shb.com
Florida Bar No.: 740860
Michael A. Holt
mholt@shb.com
Florida Bar No.: 91156
**Shook Hardy & Bacon LLP**
Miami Center, Suite 3200
201 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

Wesley Overson (*Pro hac vice*)
WOverson@mofo.com
Danielle Coleman (*Pro hac vice*)
DColeman@mofo.com
Elizabeth Patterson (*Pro hac vice*)
EPatterson@mofo.com
**Morrison & Foerster LLP**
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Wendy Ray (*Pro hac vice*)
WRay@mofo.com
**Morrison & Foerster LLP**
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

*Attorneys for Plaintiffs*
*MAKO Surgical Corp. and*
*All-Of-Innovation GmbH*

James A. Gale
Email: jgale@feldmangale.com
Richard Guerra
Email: rguerra@feldmangale.com
**Feldman Gale LLP**
One Biscayne Tower, Suite 3000
Two South Biscayne Boulevard
Miami, FL 33131
Telephone No. (305) 358-5001
Facsimile No. (305) 358-3309

Josh Krevitt (*Pro hac vice*)
Email: jkrevitt@gibsondunn.com
**Gibson, Dunn & Crutcher LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone No. (212) 351-4000
Facsimile No. (212) 351-4035

Wayne M. Barsky (*Pro hac vice*)
Email: wbarsky@gibsondunn.com
Timothy P. Best (*Pro hac vice*)
Email: tbest@gibsondunn.com
**Gibson, Dunn & Crutcher LLP**
2029 Century Park East
Los Angeles, CA 90067
Telephone No. (310) 557-8500
Facsimile No. (310) 552-7010

Stuart M. Rosenberg (*Pro hac vice*)
Email: srosenberg@gibsondunn.com
**Gibson, Dunn & Crutcher LLP**
1881 Page Mill Road
Palo Alto, CA 94304
Telephone No. (650) 849-5300
Facsimile No. (650) 849-5333

*Counsel for Defendant Blue Belt*
*Technologies, Inc.*