**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 14-cv-61263-DPG/WCT

MAKO SURGICAL CORP., a Delaware
corporation, and ALL-OF-INNOVATION
GMBH, a German corporation,

                Plaintiffs,

vs.

BLUE BELT TECHNOLOGIES, INC., a
Pennsylvania corporation,

                Defendant.
_____/

## JOINT PROPOSED SCHEDULING ORDER

Pursuant to Local Rule 16.1(b)(3), the Court orders as follows:

**Case Management Track**

This case is assigned to the Standard Track as defined by Southern District of Florida Rule 16.1(a)(2).

**Discovery Schedule**

All non-expert fact discovery shall be completed by May 31, 2015, and all expert discovery shall be completed within 28 days of the service of responsive expert reports.

**Preservation, Disclosure, or Discovery of Documents, Electronically Stored Information, or Things**

There is no obligation to preserve or produce the following electronically stored information ("ESI") that is not reasonably accessible: materials retained in tape, floppy disk, optical disk, or similar formats primarily for backup or disaster recovery purposes, as well as archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a party's operations; voicemail and other audio (such as .wav files); video;

instant messaging; legacy data; residual, fragmented, damaged, permanently deleted, or unallocated data; and handheld PDA-type devices (such as Blackberry and iPhone devices).

### Assertion of Privilege or Protection of Trial Preparation Material After Production

Any inadvertent disclosure or production of documents shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or documents or of any work product doctrine or other immunity that may attach thereto, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  All copies of such documents shall be returned to the producing party or destroyed within five (5) days of such notice.  Also within five (5) days of such notice, the producing party shall serve a privilege log for such document(s).  If a dispute arises concerning the privileged nature of the documents demanded or returned, the parties shall meet and confer in good faith in an effort to resolve the dispute.  If the parties are unable to resolve the dispute, the receiving party may file a motion to compel the production of such documents.  In the event of such a motion to compel, the producing party shall have the burden to demonstrate the claimed privilege, work product immunity, or other immunity.  The responding party will not use or refer to any information contained within the documents at issue, including in deposition, in court filings or at trial, unless and until such motion to compel production of such documents is granted, except as such information may appear in any applicable privilege log.

### Limitation of Time to Join Parties and to Amend Pleadings / Timing for Current Pleadings

Per the agreement of the parties, the deadline to file unopposed motions to join additional parties and amend the pleadings was on August 29, 2014.  Motions to amend may be filed after this date, pursuant to Federal Rule of Civil Procedure 15(a)(2).

### Deadline for Filing Of Pretrial Motions

All motions-in-limine shall be filed on or before September 22, 2015

**Proposed Use of Manual On Complex Litigation or Other Rule Variations**

In the June 16, 2014 Patent Pretrial Order (Dkt. No. 13), the Court ordered the disclosure of infringement contentions not later than 14 days after the date of the order.  Plaintiffs complied with this requirement and timely served their infringement contentions.  After this deadline, Defendant amended its answer and asserted counterclaims for infringement of the '411 and '582 patents.  The Parties agree that invalidity contentions will be due 45 days after Defendant serves its infringement contentions for U.S. Patent No. 6,205,411.

Since the issuance of the June 16, 2014 Order, Blue Belt has amended its answer to assert counterclaims including for patent infringement by Mako and Mako has amended its complaint to assert false advertising claims against Blue Belt.  Since neither documents nor deposition testimony has yet been produced in this case, the parties agree that both parties may serve infringement contentions no later than September 5, 2014, with invalidity contentions and claim construction dates proceeding on a unified schedule thereafter at set intervals for all patents and parties, as described in more detail in the chart below.

The parties propose that each side of the litigation be entitled to a maximum of 20 depositions, totaling no more than 95 hours of deposition time for fact depositions pursuant to Rules 30(b)(1) and 30(b)(6), and that any deposition that extends less than 3.5 hours on the record should count for no less than 3.5 hours against that total.  The parties believe that given the patent infringement claims by each party—on three patents each naming at least four inventors, the multiple plaintiff parties, likely third-party depositions, and the various non-patent counterclaims the parties have filed, this proposal will enable all parties to better tailor discovery to the needs of this case.  The parties also believe this proposal will minimize the need of the parties to involve the Court in requesting relief from the default limits of Rule 30.

**Pretrial Conference**

The pretrial conference in this action shall be held on November 11, 2015.

**Trial**

This case will be set for jury trial beginning December 14, 2015.

| Task | Date |
|---|---|
| **The Parties' infringement contentions** | **September 5, 2014** |
| **FRCP 26(a) Disclosures Due** | **September 22, 2014** |
| **Invalidity contentions** | **October 23, 2014** |
| **Exchange of proposed terms for construction** | **November 10, 2014** |
| **Joint claim construction/prehearing statement ("JCCS")** | **December 19, 2014** |
| **Completion of claim construction discovery** | **January 30, 2015** |
| **Opening claim construction briefs** | **February 5, 2015** |
| **Responsive claim construction briefs** | **March 10, 2015** |
| **Reply briefs** | **March 27, 2015** |
| **Technology Tutorial** | **Two weeks before *Markman* hearing** |
| ***Markman* Hearing** | **To be scheduled at the Court's convenience** |
| **Close of fact discovery** | **May 31, 2015** |
| **Opening Expert Reports (by party bearing the burden of proof on an issue)** | **30 days after *Markman* Order** |
| **Responsive expert reports** | **30 days after service of opening expert reports** |
| **Expert Discovery Concludes** | **21 days after service of responsive expert reports** |
| **Opening Briefs on Motions for Summary Judgment** | **21 days after expert discovery closes** |
| **Responsive Briefs on Motions for Summary Judgment** | **21 days after service of opening briefs** |
| **Reply Briefs on Motions for Summary Judgment** | **14 days after service of responsive briefs** |
| **Deadline to hear motions** | **To be scheduled at the Court's convenience** |
| **Conferences before trial** | **To be scheduled at the Court's convenience** |

| Task | Date |
|---|---|
| **Deadline for Filing Motions-in-Limine Opening Briefs** | **September 22, 2015** |
| **Deadline for Filing Motions-in-Limine Opposition Briefs** | **October 9, 2015** |
| **Deadline for Filing Motions-in-Limine Reply Briefs** | **October 19, 2015** |
| **Final pretrial conference** | **November 11, 2015** |
| **Calendar Call** | **December 9, 2015** |
| **Jury trial** | **December 14, 2015** |

**DONE AND ORDERED** on this _____ day of _____, 2014.

_____
The Honorable Darrin P. Gayles
United States District Court Judge